AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### EASTERN DISTRICT OF CALIFORNIA



LEVI SAELUA, JR. 87469023 )
_____ )
*Petitioner* )
PO Box 019001 )
Atwater 95301 )
_____ )   Case No. 1:20-cv-1312-SKO (HC)
)          *(Supplied by Clerk of Court)*
WARDEN, CIOLLI )
_____ )
*Respondent* )
*(name of warden or authorized person having custody of petitioner)*

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: __Levi Saelua, Jr.__
    (b) Other names you have used: _____
2.  Place of confinement:
    (a) Name of institution: __U.S.P. Atwater__
    (b) Address: __P.O. Box 019001__
        __Atwater CA 95301__
    (c) Your identification number: __87469-022__
3.  Are you currently being held on orders by:
    ☑ Federal authorities   ☐ State authorities   ☐ Other - explain:
    _____
4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
        (a) Name and location of court that sentenced you: __U.S. District Court,__
        __District of Hawaii__
        (b) Docket number of criminal case: __1:13 CR 00021-003__
        (c) Date of sentencing: __11/11/2013__
    ☐ Being held on an immigration charge
    ☐ Other *(explain):*
    _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example,
      revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

- ☐ Pretrial detention
- ☐ Immigration detention
- ☐ Detainer
- ☑ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
- ☐ Disciplinary proceedings
- ☐ Other *(explain):* _____

_____

6.  Provide more information about the decision or action you are challenging:
    (a) Name and location of the agency or court: U.S. District Court, District of Hawaii
    (b) Docket number, case number, or opinion number: 1:13 CR 00021-003
    (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):* Career Offender Sentence

_____

    (d) Date of the decision or action: 11/11/2013

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**
    Did you appeal the decision, file a grievance, or seek an administrative remedy?
    ☐ Yes          ☑ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court: _____

        (2) Date of filing: _____
        (3) Docket number, case number, or opinion number: _____
        (4) Result: _____
        (5) Date of result: _____
        (6) Issues raised: _____

_____

    (b) If you answered "No," explain why you did not appeal: The claim herein was not available previously

8.  **Second appeal**
    After the first appeal, did you file a second appeal to a higher authority, agency, or court?
    ☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes        ☐ No

(a) If "Yes," provide:

    (1) Name of the authority, agency, or court: _____

    (2) Date of filing: _____

    (3) Docket number, case number, or opinion number: _____

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _____

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☑ Yes        ☐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

    ☐ Yes        ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A),
       seeking permission to file a second or successive Section 2255 motion to challenge this conviction or
       sentence?
       ☐ Yes              ☑ No
       If "Yes," provide:
       (1) Name of court: _____
       (2) Case number: _____
       (3) Date of filing: _____
       (4) Result: _____
       (5) Date of result: _____
       (6) Issues raised: _____

       _____
       _____
       _____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your
       conviction or sentence: The claim raised herein contends that Petitioner
       is actually innocent of being a Career Offender, and has not had
       an unobstructed procedural shot at presenting the claim.

       _____
       _____
       _____

11.    **Appeals of immigration proceedings**
       Does this case concern immigration proceedings?
       ☐ Yes              ☑ No
       If "Yes," provide:
(a)    Date you were taken into immigration custody: _____
(b)    Date of the removal or reinstatement order: _____
(c)    Did you file an appeal with the Board of Immigration Appeals?
       ☐ Yes              ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes        ☐ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Hawaii's Second Degree Robbery and First Degree, Attempted Robbery Convictions are not Predicates for §4B1.1 under Mathis and Descamps.

(a) Supporting facts (Be brief. Do not cite cases or law.):
Both Hawaii's Revised Statutes are overly broad where they criminalize "use of force" against property of another. This makes the statutes sweeps broader than the elements for "crime of violence" in §4B1.2(a)(1). See Memorandum of Points and Authority in Support at pages 4-9

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND TWO:** Mathis and Descamps Retroactively Established that under the Categorical Approach, Petitioner's Prior Convictions are not Crimes of Violence as Defined in §4B1.2(a)(1).

(a) Supporting facts (Be brief. Do not cite cases or law.):
The rule in Mathis and Descamps established a retroactive rule for §2241 Petitions, and support Petitioner's claim that his prior convictions under Hawaii's Revised Statutes are not categorically crimes of violence for the purposes of the Career Offender Enhancement. See Memorandum of Points and Authority in Support at pages 9-10

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☑ No

**GROUND THREE:** Petitioner did not have an Unobstructed Procedural Shot at Presenting the Claim earlier.

(a) Supporting facts (Be brief. Do not cite cases or law.):
Petitioner was sentenced 11/11/2013, and the Supreme Court decided Mathis in 2016. Likewise, prior to Allen v. Ives, a sentencing enhancement couldn't be challenged under the escape hatch. The claims were foreclosed during Petitioner's 2255 period, but became ripe after. See Memorandum of Points & Authority in Support, at pages 10-12

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** Petitioner is Actually Innocent for Being a Career Offender under §4B1.1

(a) Supporting facts *(Be brief. Do not cite cases or law.):*
Because the Hawaii's prior convictions for Robbery and Attempted Robbery are not crimes of violence within the meaning of §4B1.1, and Mathis' categorical analysis, he is actually innocent of being a Career Offender. See Memorandum of Points and Authority in Support, at page 12

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes      ☑ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: During the time of direct appeal and § 2255, Mathis' rule was unavailable. In addition, the Ninth Circuit only recently held that a sentencing enhancement can be challenged under the escape hatch in Allen v. Ives. Prior, this door was closed.

**Request for Relief**

15. State exactly what you want the court to do: Vacate the 300-months sentence and to grant a re-sentence in absence of the Career Offenders Enhancement.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  **9/9/2020**

_Signature of Petitioner_

_Signature of Attorney or other authorized person, if any_

## Attachment A

GROUND FIVE: Plea Agreement Terms Does Not Preclude the Actual Innocent Claim.

The plea agreement waiver is not enforceable here because the Rule dictated by Mathis was unavailable at the time the plea was entered. Thus, the waiver was unknowing as it relates to Mathis' categorical analysis for §4B1.1. See Memorandum of Points and Authority in Support, at page 13-14.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

_____

| | |
|---|---|
| LEVI SAELUA, JR., | ) Case No. 1:13CR00021-003 |
| Petitioner, | ) |
| | ) MEMORANDUM OF POINTS AND |
| vs. | ) AUTHORITY IN SUPPORT OF |
| | ) MOTION UNDER 28 USC § 2241 |
| WARDEN CIOLLI, USP ATWATER, | ) |
| Respondent. | ) |
| | ) |

Defendant-Petitioner, Levi Saelua, Jr., acting pro se, respectfully moves this Court to enter an Order to vacate his Career Offender enhanced sentence of 300-months under the Savings Clause, on the grounds that he's actually innocent of U.S.S.G. § 4B1.1 career offender enhancement. Mr. Saelua request that this court construe his pleading liberally because he is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1927).


A.    History of Case


Mr. Saelua was charged in a 10-Count Superseding Indictment in the District of Hawaii as follows -- Count 1: Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or more of Methamphetamine and a Quantity of Marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), 841(b)(1)(D), and 846; Count 2, 3, and 5: Distribution of 5

1

Grams or More of Methamphetamine, in violation of 21 U.S.C. §
841(a) and 841(b)(1)(B); Count 4 and 6: Distribution of 50
Grams or More of Methamphetamine in violation of 21 U.S.C. §§
841(a)(1), 841(b)(1)(A); Count 7: Possession With Intent to
Distribute 50 Grams or More of a Mixture or Substance
Containing a Detectable Amount of Methamphetamine, in
violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 18 U.S.C.
§ 2; Count 8: Possession With Intent to Distribute 50 Grams or
More of a Mixture or Substance Containing a Detectable Amount
of Methamphetamine, in violation of 21 U.S.C. §§ 841(a),
841(b)(1)(B), and 18 U.S.C. § 2.

In exchange for Mr. Saelua's guilty plea to Count 1, the
government agrees to dismiss Counts 2 through 8 at sentencing.
The Probation Officer categorized Mr. Saelua as a Career
Offender under USSG § 4B1.1, based on a prior Second Degree
Robbery in Case No. 96-0553; a First Degree Attempted Robbery
in Case No. 96-1952, and Using a Telephone to facilitate the
Commission of a Felony Under the Controlled Substance Act,
Case No. 99-00458HG. The PSR calculated Mr. Saelua's base
offense at 37 in Criminal History Category VI. The base
offense level was decreased by three points for timely
acceptance of responsibility under USSG §§ 3E1.1(a) and
3E1.1(b). His advisory Guidelines range was 262 to 327. The
court imposed a sentence of 300-months (25-years).


B.   Standard of Review


As a general rule, "a motion under 28 U.S.C. § 2255 is
the exclusive means by which a federal prisoner may test the

legality of his detention." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). An exception to the general rule, termed the § 2255(e) "escape hatch," permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).(per curaim)(quoting § 2255(e)).

The Ninth Circuit held that the remedy under § 2255 is inadequate where "the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012).


## Summary of Arguments


Mr. Saelua argues that: (1) under Mathis and Descamps his Hawaii's Revised Statutes for robbery and attempted robbery are not predicate crimes for career offender status; (2) that he is actually innocent of being a career offender under the Sentencing Guidelines; (3) the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test his claim of actual innocence; and (4) he has a claim of actual innocence cognizable under § 2241 in light of Mathis v. United States, 136 S. Ct. 2243 (2016), Descamps v. United States, 570 U.S. 254 (2013), and Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020).

Grounds for Relief

I. Hawaii's Second Degree Robbery and First Degree
   Attempted Robbery Convictions are not Predicates for
   § 4B1.1 Under Mathis and Descamps

In categorizing Mr. Saelua as a career offender, the
court used his Hawaii's priors in Case No. 96-0553 (Robbery in
the Second Degree) and Case No. 96-1952 (Attempted Robbery in
the First Degree). The United States took the position that
these two prior convictions qualified as "crime of violence"
under USSG § 4B1.1. Because the plain language of Hawaii's
Revised Statutes for second degree robbery and first degree
attempted robbery "comprises multiple, alternative versions of
the crimes," the statutes are divisible and subject to the
modified categorical approach. See Descamps, 133 S. Ct. at
2284. Accordingly, this court must identify from among several
alternatives, the plea transcripts, and the sentencing
transcripts, the crime of conviction, so the court can
determine if Mr. Saelua's crimes are deemed § 4B1.1 qualifying
offenses. Id at 2285. Mr. Saelua argues that they are not in
light of Descamps and Mathis categorical analysis.

The Ninth Circuit applies a three-step analysis to
determine whether a prior conviction under state law qualifies
as a qualifying predicate offense under the federal sentencing
guidelines. In this analysis, the first inquiry is whether the
Hawaii penal law is a categorical match with section
4B1.2(a)(1). See Taylor v. United States, 495 U.S. 575, 599-
600, 109 L. Ed. 2d 607 (1990). At the first step, the courts

4

must decide whether the elements of the prior crime match the elements of the generic federal definition of crime of violence. See United States v. Slade, 873 F.3d 712, 714 (9th Cir. 2017). If the statute of conviction is overbroad and not a categorical match, the court must ask whether the statute is divisible into separate crimes with the unique elements. If the statute is divisible, the court must apply the modified categorical approach. United States v. Hernandez, 769 F.3d 1059, 1062 (9th Cir. 2014)(per curaim); see also Taylor, 495 U.S. at 599.

At the second step, the court would ask whether the Hawaii Revised Statutes are divisible statutes which "sets out one or more elements of the offense in the alternative." Descamps v. United States, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013). In Mathis, the Supreme Court reiterated the importance of the abstract comparison of elements, explaining that a statute is divisible only when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." 136 S. Ct. at 2249. Mathis did not change the rule stated in Descamps; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements.

However, Mathis also instructed courts not to assume that a statute lists alternative elements and defines multiple crimes simply because it contains a disjunctive list. Id. Instead, Mathis instruct courts to consult "authoritative sources of state law" to determine whether a statute contains alternative elements defining multiple crimes or alternative means by which a defendant might commit the same crime. Mathis, 136 S. Ct. at 2256.

5

In this case, Hawaii's Revised Statues for Second Degree
Robbery and First Degree Attempted Robbery are not
categorically "crimes of violence" within the purposes of §
4B1.1. The term "crime of violence" as expressed in § 4B1.2
means:

     (a) any offense under federal or state law, punishable
by imprisonment for a term exceeding one year, that --
    (1) has as an element the use, attempted use, or threatened
use of physical force against the person of another.

Thus, to determine whether Hawaii's Robbery in the Second
Degree or Attempted Robbery in the First Degree qualifies as
"crimes of violence" under § 4B1.1, the court must look to the
statutory elements under which Mr. Saelua was previously
convicted, rather than the underlying conduct or facts giving
rise to that conviction. The court assess whether the Hawaii's
statute of conviction is a categorical match to the generic
predicate offense; that is, if the statute of conviction
criminalizes only as much (or less) conduct than the generic
offense in § 4B1.2(a)(1). United States v. Perez-Silvan, 861
F.3d 935, 942 (9th Cir. 2017).

If there's no dispute on this matter between Mr. Saelua
and the United States, then the court must ask if the statute
of convictions comparatively overboard elements are divisible.
Descamps, 133 S. Ct. 2285; Shepard v. United States, 544 U.S.
13, 16, 161 L. Ed. 2d 205 (2005). Looking to the limited class
of documents from the record of the prior convictions, Mathis,
136 S. Ct. at 2249, there is simply no indication that the

6

Hawaii's statutes at issue constitutes use, attempted use, or threatened use of physical force against the person of another without more. The Hawaii's Revised Statutes inquiry doesn't end at using of force against the person of another, but also criminalize the use of force against property of another.

The Government shoulders the burden here to prove that Mr. Saelua's Hawaii predicates qualifies as "crimes of violence" under Descamps, Mathis, and the categorical analysis. Applying this framework, the court will recognize that the Hawaii's Revised statute sweeps more broadly than the elements clause definition of crime of violence in § 4B1.2(a). In conducting this analysis, the court must presume that both convictions in Case No. 96-0553 and Case No. 96-1952 rested upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the crime of violence definition. Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013).

Robbery and Attempt Hobbs Act robbery under Hawaii's Revised Statutes are not categorically a crimes of violence within the meaning of §§ 4B1.1 and 4B1.2(a) because they can be committed without the use, attempted use, or threatened use of physical force against the person of another. For instance, with the common law understanding of robbery in mind, the district court in United States v. Bell, No. 15-cr-00258-WHO, 2016 WL 344794 (N.D. Cal. Jan. 28, 2016), held that robbery of personal property of the United States in violation of 18 U.S.C. § 2112 does not constitute a crime of violence under the force clause of 18 U.S.C. § 924(c)(3). Because robbery "by force" was defined at common law to include "less than violent

7

force," § 2112 which incorporated that definition, was not categorically a crime of violence. Id. at 10.

In United States v. O'Connor, 874 F.3d 1147, 1158 (10th Cir. 2017), the Tenth Circuit held, "[H]obbs Act Robbery was not a crime of violence for the purposes of § 4B1.2(a)(1)." Section 4B1.2(a) has as an element the use, attempted use, or threatened use of physical force against the person of another. However, Hawaii's Second Degree Robbery, and First Degree Attempted Robbery statutes can be violated without the use of physical force against the person of another, because the statutes also criminalize property crimes. Section 4B1.2(a)(1) does not consists the "[or] property" element, making Hawaii's Revised Statutes overly broad. See also, United States v. Eason, No. 16-15413 (11th Cir. March 24, 2020)("[I]f the statute sweeps more broadly than the § 4B1.2(a) definition, then any Hobbs Act robbery conviction 'cannot count' as a crime of violence").

Mr. Saelua's predicate at hand is not Hobbs Act robbery, but the same categorical analysis must be applied with his Hawaii's robbery and attempted robbery statutes. Assuming that the Hawaii's convictions rested upon nothing more than the least of the acts criminalized, then they are not qualified predicates for § 4B1.1 career offender enhancement. See Moncrieffe v. Holder, 569 U.S. 184, 190-91 (2013).

Mr. Saelua's argument that Hawaii's Robbery and Attempted Robbery are not categorically crimes of violence under § 4B1.1 depends on two premises: (1) that Hawaii's robbery and attempted robbery can be committed by using force against

"property of another," without using force against the person
of another; and (2) Section 4B1.2(a)(1) do not has as an
element the use of force against property of another.

II. Mathis and Descamps Retroactively Established
    that Under the Categorical Approach,
    Mr. Saelua's Prior Convictions are not Crimes
    of Violence as Defined in § 4B1.2(a)

According to the Ninth Circuit in Allen v. Ives, Mathis
v. United States, 136 S. Ct. 2243 (2016), and Descamps v.
United States, 570 U.S. 254 (2013), retroactively established
that under the categorical approach of Taylor v. United
States, 495 U.S. 575 (1990), Saelua's Hawaii's attempted
robbery and robbery convictions are not crimes of violence as
defined in § 4B1.2(a). In particular, the Circuit held:

> Our holding that Allen has made a cognizable
> claim of actual innocence, and that he did not have
> an unobstructed procedural shot at presenting
> that claim resolves the question of statutory
> jurisdiction in this case. Allen v. Ives, Id.

The Court further noted, "[W]e take the opportunity to
clarify that Mathis and Descamps apply retroactively when a
court reviews a criminal judgment in the course of addressing
a § 2241 petition or a first § 2255 motion." A rule is
substantive rather than procedural if it alters the range of
conduct or the class of persons that the law punishes. Welch

v. United States, 136 S. Ct. 1257, 1264-65 (2016)(quoting
Schriro v. Summerlin, 542 U.S. 348, 353 (2004)).

In consistent with Allen v. Ives, Mathis and Descamps
alters "the range of conduct ... that the law punishes" and
not "only the procedures used to obtain the conviction."
Welch, 136 S. Ct. at 1266. "[W]e have previously recognized
that decisions that alter the substantive reach of a federal
statute apply retroactively in § 2241 proceedings under the
escape hatch." Id. See also Alaimalo, 645 F.3d 1042. "The
Supreme Court's decisions in Mathis and Descamps therefore
will apply retroactively to a review of Allen's sentence on
remand." Accordingly, Mathis and Descamps alters the range of
conduct that § 4B1.1 punishes, thus creating a material effect
in Mr. Saelua's case that warrants relief under the savings
clause.

        III. Mr. Saelua did not have an Unobstructed
             Procedural Shot at Presenting the Claim Earlier

When deciding whether a petitioner has had an
"unobstructed procedural shot," the courts consider: (1)
whether the legal basis for petitioner's claim did not arise
until after he had exhausted his direct appeal and first §
2255 motion; and (2) whether the law changed in any way
relevant to petitioner's claim after that first § 2255
motion. Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.
2008). If an intervening court decision after a prisoner's
direct appeal and first § 2255 "effects a material change in
the applicable law [,]" then the prisoner did not have an

unobstructed procedural shot to present his claim. Alaimalo, 645 F.3d 1042, 1047 (9th Cir. 2011).

In Allen v. Ives, the Ninth Circuit held, (1) An inmate was entitled to file a § 2241 petition because he made a cognizable claim that he was actually innocence of a noncapital sentence and that he had not had an unobstructed procedural shot at presenting the claim; (2) He made a viable claim of actual innocence permitting jurisdiction over his § 2241 petition because if he prevailed on his claim that his Connecticut marijuana conviction was not a predicate conviction for career offender status under the U.S. Sentencing Guidelines Manual, the factual predicate of his mandatory sentencing enhancement did not exist, and thus, he was actually innocent of the enhancement; and (3) The inmate did not have an unobstructed procedural shot at presenting this claim because his claims did not become available until after his § 2255 motion was denied and did not have an opportunity to present his claim in a § 2255 motion.

Mr. Saelua's claim of actual innocence for the career offender enhancement was foreclosed earlier during the time of his first section 2255 motion. However, based on the Supreme Court's later decision in Mathis, Mr. Saelua is now able to argue that (1) the categorical approach should apply to Hawaii's Revised Statues, and (2) his Hawaii's predicates are not "crimes of violence" within the meaning of § 4B1.2(a)(1) under the categorical approach.

The Ninth Circuit noted that the decisions in Descamps and Mathis do not meet the standard for a second or successive § 2255 motion because they interpreted federal statutes, not

the Constitution. See Arazola-Galea v. United States, 876 F.3d
1257, 1259 (9th Cir. 2017); see also Ezell v. United States,
778 F.3d 762, 766 (9th Cir. 2015). Because Mr. Saelua's claim
under Mathis "did not become available until after his § 2255
AEDPA term expired, and because that claim does not satisfy
the criteria of § 2244 for a second or successive § 2255
motion, he has not had (and, indeed, will never get) an
opportunity to present his claim in a § 2255 motion that his
prior Hawaii convictions are not qualifying predicates under
the standard in Mathis and Descamps. Stephens, 464 F.3d at
898. Thus, Saelua has not had an unobstructed procedural shot
at presenting his actual innocence claim.

IV. Mr. Saelua is Actually Innocent of Section
4B1.1 Career Offender Enhancement

In Allen v. Ives, the Ninth Circuit posed the question
in this way: "Whether a petitioner who committed a crime that
is not a predicate crime may challenge his career offender
status under § 2241?" The Court clearly indicated that,
because Allen's prior conviction did not qualify that he could
be deemed actually innocent of it being a predicate offense
for federal sentencing purposes.

Accordingly, Mr. Saelua has made a cognizable claim to
invoke the savings clause, and contends that he is actually
innocent for the career offender enhancement.

V.  Plea Agreement Terms Does Not Preclude

the Actual Innocent Claim

Mr. Saelua entered his guilty plea pursuant to a plea agreement. As part of the agreement, Mr. Saelua would plead to Count 1, and the United States would move to dismiss the other counts at sentencing. In addition, the United States agreed th at it will not file a prior drug felony notice under 21 U.S.C. § 851. The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, see United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994), and do not violate public policy. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

It is also clear by Ninth Circuit's precedents that the right to collateral review may be waived. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). However, as held by the Ninth Circuit, there are some flavors of errors at sentencing that are not waivable. See e.g., United States v. Johnson, 67 F.3d 200, 203 n.6 (9th Cir. 1995) ("sentencing error could be entirely unforeseeable and therefore not barred"). A controlling case here is United States v. Torres, 828 F.3d 1113. In Torres, the Ninth Circuit opined: "A waiver of appellate rights will also not apply if a defendant's sentence is illegal, which includes a sentence that violates the Constitution." Id. at 1125.

The Torres Court held that a Johnson error in application of the sentencing guidelines (assuming there was such a thing), would render the sentence illegal and the waiver would

13

not preclude an appeal. Id. Other district courts in the Ninth
Circuit have read the reasoning and holding in Torres to also
preclude enforcement of collateral attack waivers where claims
were raised that the sentence was illegal. See e.g., United
States v. Johnson, 2016 U.S. Dist. LEXIS 159699, 2016 WL
6681184, at *2 (N.D. Cal. Nov. 3, 2016)(applying Torres to a
Johnson attack on Sentencing Guidelines); Lilley v. United
States, 2016 U.S. Dist. LEXIS 165417, 2016 WL 6997037, at *4
(W.D. Wash. Nov. 30, 2016)(same). Torres is controlling here.
Thus, because Saelua is actual innocent for being a career
offender under Mathis and the categorical analysis, the plea
agreement waiver is unenforceable.

## Conclusion

WHEREFORE, Petitioner Levi Saelua Jr., respectfully
petitions this court for a writ of habeas corpus pursuant to
28 U.S.C. § 2241 and other relief challenging his § 4B1.1
career offender enhancement, or any other relief the court
deems fair and just.

DATED this ___ day of ___9/9/___ 2020.

Respectfully submitted,

Levi Saelua, Jr.