UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI SAELUA, JR., | No. 1:20-cv-01312-NONE-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| CIOLLI, Warden, | (Doc. No. 5) |
| Respondent. | |

Petitioner Levi Saelua, Jr., is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 16, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition be dismissed. (Doc. No. 5.) The findings and recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one (21) days from the date of service of that order. (*Id.* at 6–7.) No party has filed objections, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case. Petitioner's claim hinges largely on *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020) ("*Allen I*"), *petition for rehearing en banc denied*, 976 F.3d 863 (9th Cir. 2020) ("*Allen II*"). The petition for a rehearing *en banc* was denied six days after the magistrate judge issued the pending findings and recommendations. As the undersigned has discussed in a separate case,

1  in that denial, a majority of the judges participating in *Allen II* clarified that the relevant holding
2  from its decision in *Allen I* did not "open[] the proverbial floodgates" to § 2241 petitions but
3  instead applied only to certain class of petitioners subject to mandatory sentences. *Gonzalez v.*
4  *Ciolli*, No. 1:20-cv-00724-DAD-SKO (HC), 2021 WL 1016387, at *2–3 (E.D. Cal. Mar. 17,
5  2021) (quoting *Allen II*, 976 F.3d at 868).  Here, as noted by the findings and recommendations,
6  petitioner was sentenced after the guidelines became advisory in 2005, (Doc. No. 5 at 6), and
7  petitioner does not contend that a mandatory sentence was imposed in his underlying criminal
8  case, (*see* Doc. No. 1).  Accordingly, the findings and recommendations reached the correct
9  conclusion even without the Ninth Circuit's subsequent clarification.

      The court notes that in the event an appeal is filed, a certificate of appealability will not be required because this is an order dismissing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a *habeas* proceeding in which the detention complained of arises out of process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

      Accordingly,

    1.    The findings and recommendations issued September 16, 2020 (Doc. No. 5), are adopted;

    2.    The petition for writ of habeas corpus is dismissed for lack of jurisdiction; and

    3.    The Clerk of the Court is directed to assign a district judge for purposes of closure and then to close this case.

      This order terminates the action in its entirety.  In the event a notice of appeal is filed, a certificate of appealability will not be required.

IT IS SO ORDERED.

Dated:  **October 7, 2021**                                  /s/ Dale A. Drozd
                                                  UNITED STATES DISTRICT JUDGE